Gerardo ORTIZ–CAMPOS, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71046.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 6, 2007.[*]

Filed Aug. 31, 2007.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elsa I. Martinez, Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Gerardo Ortiz–Campos (Ortiz), a lawful permanent resident, petitions for review of a final order issued by the Board of Immigration Appeals (BIA), affirming an Immigration Judge's (IJ) denial of cancellation of removal and the IJ's refusal to grant a continuance of the removal proceeding. We deny the petition for review.

## DISCUSSION

■ Ortiz was charged with removability as an alien who knowingly attempted to smuggle an undocumented alien into the United States in violation of 8 U.S.C. § 1182(a)(6)(E)(i). He was deemed ineligible for cancellation of removal because he had not resided legally within the United States for seven years as required by 8 U.S.C. § 1229b(a). We reject Ortiz's contention that his length of residency should continue to accrue until the date of final judgment by the BIA. *See Valencia–Alvarez v. Gonzales*, 469 F.3d 1319, 1324 (9th Cir.2006) (noting "alien ceases to accrue time toward the residency requirement when ... served with a notice to appear").

■ Ortiz contends the IJ erred by refusing to grant a continuance to permit his attorney "to review his file and ascertain what available forms of relief were available...." We have jurisdiction pursuant to 8 U.S.C. § 1252, *Medina–Morales v. Ashcroft*, 371 F.3d 520, 528 (9th Cir.2004), and we review for an abuse of discretion, *Nakamoto v. Ashcroft*, 363 F.3d 874, 883 n. 6 (9th Cir.2004). We conclude there was no abuse of discretion. Ortiz was clearly ineligible for relief because he "knowingly ... encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

enter the United States in violation of law." *See* 8 U.S.C. § 1182(a)(6)(E)(i). Although 8 U.S.C. § 1182(h) provides for waivers of inadmissibility, it does not apply to a lawful permanent resident who has not resided lawfully within the United States for the requisite seven years. Ortiz attacks the constitutionality of § 1182(h), arguing it violates equal protection because it does not apply to non-permanent residents. We have, however, considered and rejected that contention. *Taniguchi v. Schultz*, 303 F.3d 950, 957–58 (9th Cir. 2002). Ortiz "implores" us to revisit that decision, but we lack the authority to do so. *See Lopez–Molina v. Ashcroft*, 368 F.3d 1206, 1210 (9th Cir.2004) (noting only an en banc panel is empowered to overrule a prior decision).

**PETITION FOR REVIEW DENIED.**